IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

CHRISS W. STREET,

          Plaintiff,

v.

THE END OF THE ROAD TRUST AND
AMERICAN TRAILER INDUSTRIES, INC.,

          Defendants.

CIVIL ACTION NO: 07-65 ***

**DEFENDANTS THE END OF THE ROAD TRUST AND AMERICAN TRAILER INDUSTRIES, INC.'S SURREPLY TO PLAINTIFF CHRISS W. STREET'S MOTION TO REMAND TO COURT OF CHANCERY OF THE STATE OF DELAWARE OR FOR ABSTENTION UNDER 28 U.S.C. § 1334(c)**

Robert T. Kugler (MN #194116)
Jacob B. Sellers (MN #348879)
**LEONARD, STREET AND DEINARD**
*Professional Association*
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500

David L. Finger (DE Bar ID #2556)
**FINGER & SLANINA, LLC**
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801
(302) 884-6766

DATED: MARCH 12, 2007

# TABLE OF AUTHORITIES

**Cases**

In re Lyons, 193 B.R. 637 (Bankr. D. Mass. 1996)...........................................4

In re Resorts Intern, 372 F.3d 154 (3rd Cir. 2004) ............................................. 5

**Statutes**

28 U.S.C. § 157................................................................................................ 4, 5

## SURREPLY

In his Reply Brief, Street urges that certain arguments before this Court are based on a "flawed premise." Reply at 1. Defendants agree. The real flawed premise at issue is Street's assertion that resolution of his advancement claims "only requires review of the advancement provisions of the Employment Agreements... and a determination of whether the actions giving rise to the claims fall under the advancement provisions." Id. This position incorrectly assumes that, by entering into "employment contracts" with himself as trustee, Street was able to modify the Trust Agreement (and Plan) and prevent a successor trustee from exercising the discretion those instruments grant to him.

In administering the Trust, the Successor Trustee is obligated to "take such actions as shall be necessary or advisable to preserve, maintain, and protect the Trust Estate." Ex. 6 to. Opp. Memo. at § 7.1.2. In carrying out this responsibility, the Successor Trustee is afforded broad discretion, including the discretion to grant or withhold advancement to Street. Id. at § 5.2. In exercising his discretion, the Successor Trustee has considered Street's claims for advancement and the likelihood that, in light of Street's conduct while trustee[1], Street will ultimately be determined to have no right to indemnification, much less to reimbursement of costs relating to the Successor Trustee's investigation and pursuit of claims against Street. Given this likelihood, it is a reasonable exercise of the Successor Trustee's discretion to withhold advancement to Street in order "to preserve, maintain, and protect the Trust Estate," particularly when the Successor Trustee questions Street's ability and willingness to satisfy any undertaking to repay advances.

---

[1] The conduct the Successor Trustee considered in determining to withhold advancement to Street is set forth in Defendants' Opposition Brief at 10-16.

3718860.1

1

Case 1:07-cv-00065-***   Document 11-3   Filed 03/12/2007   Page 4 of 6

Street's challenge to the Successor Trustee's exercise of discretion granted to him in the Trust Agreement (and Plan) directly concerns the "administration of the estate" and is, therefore, a "core proceeding." 28 U.S.C. § 157. Indeed, section 8.2 of the Trust Agreement, which is at the heart of the Plan, expressly grants the Successor Trustee the right to request the Bankruptcy Court's approval for any proposed action. Upon approval, the Successor Trustee is ***authorized by the Bankruptcy Court*** to take the proposed action.[2]

Before interpreting or applying the "employment contracts" upon which Street's claims rely, a court must consider whether the contracts are valid and enforceable against the Successor Trustee—a conclusion Street assumes without any authority.[3] This assumption is not only contrary to law, but also the express terms of the Trust Agreement. See In re Lyons, 193 B.R. 637, 644-645 (Bankr. D. Mass. 1996) (holding that a trustee cannot modify a trust agreement without strict adherence to its provisions); Ex. 6 to Opp. Memo. at §§ 5.4.1 and 5.4.3 (prohibiting the trustee from modifying the Trust Agreement unless the written consent of both the Trust Advisory Committee and the Class A Beneficial Interestholders is secured).

---

[2] If this Court should remand this matter, the Successor Trustee would be forced to seek a stay of the Chancery Court Action in order to petition the Bankruptcy Court for an order authorizing the denial of advancement to Street.

[3] The Trust Agreement vests the Successor Trustee with discretion in determining whether to grant a claim for advancement. See id. at 8.5.2. (stating that trustee "may" advance fees and cost). The "employment contracts," that Street entered into with himself, however, purport to divest the trustee of this discretion, making the grant of advancement mandatory. See Exs. 7 and 8 to Opp. Memo. at § 5 (stating that trustee "shall" advance fees and cost). Street has presented no evidence that he obtained approval to modify the Trust Agreement (and Plan).

3718860.1

2

The validity of the "employment contracts" is an issue that involves the interpretation and application of the Trust Agreement (and Plan) and is, therefore, at a minimum, "related to" the bankruptcy proceeding. In re Resorts Intern, 372 F.3d 154, 168 (3rd Cir. 2004) (holding matters that require the interpretation of a confirmed plan or trust agreement confer "related to" jurisdiction upon that bankruptcy court).

In his Reply, Street implicitly concedes that if federal jurisdiction exists he has waived this right to seek abstention. Reply at 11. Therefore, the existence of federal subject matter jurisdiction, "related to" or otherwise, disposes of Street's motion.

## CONCLUSION

For all the reasons set forth above, Defendants respectfully request that this Court deny Street's motion to remand in all respects, and refer this case to the United States Bankruptcy Court for the District of Delaware pursuant to 28 U.S.C. § 157(a).

Dated: **MARCH 12, 2007**
Wilmington, Delaware

                    Respectfully submitted,

                    */s/ David L. Finger*
                    David L. Finger (DE Bar ID #2556)
                    Finger & Slanina, LLC
                    One Commerce Center
                    1201 Orange Street, Suite 725
                    Wilmington, DE 19801-1155
                    (302) 884-6766

                    **LEONARD, STREET AND DEINARD**
                    *Professional Association*
                    Robert T. Kugler (MN #194116)
                    Jacob B. Sellers (MN #348879)
                    150 South Fifth Street, Suite 2300
                    Minneapolis, MN 55402
                    Telephone: (612) 335-1500
                    Facsimile: (612) 335-1657

                    **ATTORNEYS FOR RESPONDENTS THE END OF THE ROAD TRUST AND AMERICAN TRAILER INDUSTRIES, INC.**

3718860.1

4