IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

CHRISS W. STREET,                                         CIVIL ACTION NO: 07-65 ***

                Plaintiff,

v.

THE END OF THE ROAD TRUST AND
AMERICAN TRAILER INDUSTRIES, INC.,

                Defendants.


**DEFENDANTS THE END OF THE ROAD TRUST AND AMERICAN TRAILER INDUSTRIES, INC.'S ANSWER TO PLAINTIFF CHRISS W. STREET'S PETITION FOR ADVANCEMENT AND INDEMNIFICATION**

Defendants The End of the Road Trust and American Trailer Industries, Inc. (collectively the "Trust") for their Answer to Chriss W. Street's ("Street") Petition for Advancement and Indemnification (the "Petition") declare and alleges as follows:

## GENERAL DENIAL

Except as expressly admitted, qualified, or alleged, the Trust denies each and every allegation in Street's Petition and puts Street to his strict proof thereof.

## SPECIFIC RESPONSES

1.     In response to Paragraph 1 of the Petition, the Trust denies the allegations as stated. The Trust affirmatively states that Street was the trustee of the Trust and Chairman of the Board ("COB") and Chief Executive Officer ("CEO") of American Trailer Industries, Inc. ("ATII") from October 27, 1998 to August 1, 2005 at which time he was replaced by Daniel W. Harrow (the "Successor Trustee") pursuant to the United States Bankruptcy Court for the District of Delaware's (the "Bankruptcy Court") August

3791509.1

18, 2005 *nunc pro tunc* Order (the "Consent Order"). The Trust admits that Street is a citizen of the State of California. The Trust admits that Street is currently the treasurer of Orange County, California.

2.     In response to Paragraph 2 of the Petition, the Trust denies the allegations as stated. The Trust affirmatively states that the Trust was created pursuant to the Fruehauf Trailer Corporation's ("Fruehauf") Amended Plan of Reorganization (the "Plan"), confirmed by the United States Bankruptcy Court on October 20, 1998. Under the terms of the Plan, all the remaining assets of Fruehauf were conveyed to the Trust for the orderly liquidation and distribution of the liquidation proceeds to Fruehauf's approximately 4,100 creditors.

3.     In response to Paragraph 3 of the Petition, the Trust denies the allegations as stated. The Trust affirmatively states that ATII was formerly known as FrudeMex, Inc., and is a Delaware corporation. The sole purpose of ATII has, at all times since its formation, been to hold and exercise the rights associated with 100% of the shares of a Mexican operating company, Fruehauf de Mexico, S.A. de C.V. ("FdM").

4.     In response to the Paragraph 4 of the Petition, the Trust denies the allegations as stated. The Trust affirmatively alleges that on or about October 27, 1998, Street assumed the duties and responsibilities as trustee of the Trust by entering into a written Liquidating Trust Agreement (the "Trust Agreement") with Fruehauf, the other Debtors and Schroeder Bank & Trust Company, in its capacity as Indenture Trustee for Fruehauf's 14.75% Secured Senior Notes. Street served as trustee of the Trust from October 27, 1998 to August 1, 2005 at which time he was replaced by the Successor Trustee pursuant to the Bankruptcy Court's Consent Order. The Trust is currently

3791509.1

without information sufficient to form a belief as to the truth of the allegation regarding the date in which Street entered into an employment agreement with the Trust (the "Trust Employment Agreement"). The Trust admits that the Successor Trustee is a citizen of the State of California.

5.  In response to Paragraph 5 of the Petition, the Trust denies the allegations as stated. The Trust affirmatively states that at sometime during the period of October 27, 1998 to August 1, 2005 Street entered into an employment agreement with ATII (the "ATII Employment Agreement") for his services as CEO and COB. The Trust is currently without information sufficient to form a belief as to the truth of the allegation regarding the date on which Street entered into the ATII Employment Agreement. Street was COB and CEO of ATII from October 27, 1998 to August 1, 2005 at which time he was replaced by the Successor Trustee pursuant to the Bankruptcy Court's Consent Order.

6.  In response to Paragraph 6 of the Petition, the Trust denies Street's characterization of the Employment Agreements and refers the Court to such documents for a true and accurate recitation of their contents. The Trust affirmatively states that paragraph 5 of both the Trust and ATII Employment Agreements only entitle Street to indemnification if he acted in good faith and in a manner reasonably believed to be in or not opposed to the best interest of the Trust/ATII.

7.  In response to Paragraph 7 of the Petition, the Trust denies the allegations as stated. The Trust affirmatively states that the Bankruptcy Court's Consent Order required Street to cooperate and take all further action as may be necessary to facilitate the performance of the Successor Trustee's duties and to turn over any Trust property in

his possession. On November 18, 2005, the Successor Trustee sought and was granted an Order requiring Street to submit to an examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rule 2004 Examination") and to produce documents relating to his administration of the Trust. The reason for seeking the Rule 2004 Examination was two-fold: to investigate the Successor Trustee's questions and concerns regarding Street's administration of the Trust and to attempt to definitely determine the scope and whereabouts of the Trust's assets and liabilities. After three days of examination in January 2006, Street terminated the Rule 2004 Examination and refused to participate in any further questioning. After Street's refusal to proceed, counsel for the Trust attempted to work with Street's counsel to arrive at a mutually convenient time for the examination to continue, but Street and his counsel frustrated all of the Trust's attempts. After exhausting all reasonable efforts to secure Mr. Street's voluntary attendance, the Trust, in accordance with the Consent Order, caused a subpoena to be served on Street from the United States Bankruptcy Court for the Southern District of California. When Street refused to appear for Rule 2004 Examination pursuant to the subpoena, the Trust was forced to file a motion for contempt seeking to compel Street to complete the Rule 2004 Examination in accordance with the Consent Order and the subpoena. On July 17, 2006, the Bankruptcy Court entered an Order Directing Continued 2004 Examination of Street.

8. In response to Paragraph 8 of the Petition, the Trust denies the allegations as stated and restates and incorporates the above response to Paragraph 7 of the Petition.

9. In response to Paragraph 9 of the Petition, the Trust denies the allegations as stated and restates and incorporates the above response to Paragraph 7 of the Petition.

3791509.1

10.   In response to Paragraph 10 of the Petition, the Trust denies the allegations as stated and restates and incorporates the above response to Paragraph 7 of the Petition.

11.   In response to Paragraph 11 of the Petition, the Trust denies the allegations as stated and restates and incorporates the above response to Paragraph 7 of the Petition.

12.   In response to Paragraph 12 of the Petition, the Trust denies the allegations as stated.

13.   In response to Paragraph 13 of the Petition, except as set forth below, the Trust is without knowledge as to the allegations set forth therein and, therefore, denies the same. The Trust admits that in October 2004, the Pension Benefit Guaranty Corporation took control of the Pension Plan in order to protect the interests of the Pension Plan participants and to avoid any further unreasonable deterioration in the financial condition of the Pension Plan. During the course of Street's tenure as trustee of the Trust, the Trust admits that Street was subject to at least one investigation by the Department of Labor.

14.   In response to Paragraph 14 of the Petition, the Trust denies the allegations as stated. The Trust affirmatively states that on November 30, 2005, Street was sued in his individual capacity in the United States District Court for the District of Alabama by Double A Trailer Sales, Inc. ("Double A"), in connection with a non-Trust entity, Dorsey Trailer, Inc. ("Dorsey"). In its Complaint, Double A asserted that Street committed fraud when he fraudulently misrepresented the financial condition of Dorsey to induce Double A to order and prepay for approximately one million dollars worth of

trailers, despite Dorsey's dire financial condition. Rather than manufacturing the ordered trailers, the complaint alleged that Street fraudulently caused Dorsey to squander the money. The Complaint further alleged that Street fraudulently diverted raw materials provided by Double A, and intended for Dorsey, to the Trust's wholly-owned subsidiary, ATII. Double A never received the trailers it paid for nor did it recover the raw materials it provided to Dorsey.

15. In response to Paragraph 15 of the Petition, the Trust admits that Street incorporates by reference Paragraphs 1-14 of the Petition as if fully set forth in Paragraph 15.

16. In response to Paragraph 16 of the Petition, the Trust denies Street's characterization of the Employment Agreements and refers the Court to such documents for a true and accurate recitation of their contents. The Trust further restates and incorporates its above response to Paragraph 6 of the Petition.

17. In response to Paragraph 17 of the Petition, the Trust denies the allegations as stated and further states that the paragraph constitutes a legal proposition and conclusion, as to which no responsive pleading is required.

18. In response to Paragraph 18 of the Petition, the Trust denies the allegations as stated and further states that the paragraph constitutes a legal proposition and conclusion, as to which no responsive pleading is required.

19. In response to Paragraph 19 of the Petition, that Trust admits that it received a letter from Street dated February 16, 2006, but denies Street's characterization of that correspondence and refers the Court to such documents for a true and accurate recitation of its contents. The Trust affirmatively states that whether Street's February

16, 2006 constituted "an undertaking that complies with the EORT Agreement" is a legal proposition and conclusion, as to which no responsive pleading is required.

20. In response to Paragraph 20 of the Petition, the Trust is currently without information sufficient to form a belief as to the truth of the allegation and therefore denies the same.

21. In response to Paragraph 21 of the Petition, the Trust admits that it sent a letter to Street dated March 31, 2006, but denies Street's characterization of that correspondence and refers the Court to that correspondence for a true and accurate recitation of its contents. The Trust affirmatively states that under the Bankruptcy Court's Consent Order, which Street voluntary entered into, Street reserved the rights for indemnity only for events occurring prior to August 1, 2005, and that the Consent Order expressly states that Street is not entitled to any expenses incurred after August 1, 2005.

22. In response to Paragraph 22 of the Petition, the Trust denies Street's characterization of the Trust's March 31, 2006 correspondence and refers the Court to that correspondence for a true and accurate recitation of its contents.

23. In response to Paragraph 23 of the Petition, the Trust denies the allegations as stated.

24. In response to Paragraph 24 of the Petition, the Trust is currently without information sufficient to form a belief as to the truth of the allegation and, therefore, denies that same.

25. In response to Paragraph 25 of the Petition, the Trust is currently without information sufficient to form a belief as to the truth of the allegation and, therefore, denies that same.

26. In response to Paragraph 26 of the Petition, the Trust is currently without information sufficient to form a belief as to the truth of the allegation and therefore denies the same.

27. In response to Paragraph 27 of the Petition, the Trust admits that Street incorporates by reference Paragraphs 1-26 of the Petition as if fully set forth in Paragraph 27.

28. In response to Paragraph 28 of the Petition, the Trust denies any characterization of the employment agreements and refers the Court to those documents for a true and accurate recitation of their contents.

29. In response to Paragraph 29 of the Petition, the Trust denies the allegations as stated and further states that the paragraph constitutes a legal proposition and conclusion, as to which no responsive pleading is required.

30. In response to Paragraph 30 of the Petition, the Trust denies the allegation as stated and further states that the paragraph constitutes a legal proposition and conclusion, as to which no responsive pleading is required.

## AFFIRMATIVE DEFENSES

As and for a further Answer to Street's Petition, and as and for its affirmative defenses thereto, the Trust states and alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Street's claims fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Street's claims are barred, in whole or in part, by his own action or inaction.

### THIRD AFFIRMATIVE DEFENSE

Street's claims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Street's claims are barred by failure to provide a sufficient undertaking.

### FIFTH AFFIRMATIVE DEFENSE

Street's claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Street's claims are barred by failure of consideration.

### SEVENTH AFFIRMATIVE DEFENSE

Street's claims are barred by lack of capacity to contract.

### EIGHTH AFFIRMATIVE DEFENSE

Street's claims are barred by waiver.

### NINTH AFFIRMATIVE DEFENSE

Street's claims are barred by release.

### TENTH AFFIRMATIVE DEFENSE

Street's claims are barred by the doctrine of estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

Street's claims are barred by setoff.

# **PRAYER FOR RELIEF**

**WHEREFORE,** Defendants The End of the Road Trust and American Trailer Industries, Inc. prays that judgment be entered in its favor and against Chriss W. Street as follows:

1. Dismissing all Counts in the Petition with prejudice and on the merits and ordering that Street take nothing by this action;

2. Denying Street's request for prejudgment interest; and

3. Awarding the Trust such other relief as the Court deems just and proper, including its costs and disbursements incurred herein.

Dated: **MAY 9, 2007**
Wilmington, Delaware

/s/ David L. Finger_____
David L. Finger (DE Bar ID # 2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
Telephone (302) 884-6766

**LEONARD, STREET AND DEINARD**
*Professional Association*
Robert T. Kugler (MN #194116)
Jacob B. Sellers (MN #348879)
150 South Fifth Street, Suite 2300
Minneapolis, MN  55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657

**ATTORNEYS FOR RESPONDENTS THE END OF THE ROAD TRUST AND AMERICAN TRAILER INDUSTRIES, INC.**

3791509.1

## **CERTIFICATE OF SERVICE**

I, David L. Finger, hereby certify that on this 9th day of May, 2007, I filed the foregoing Answer with the Court via CM/ECF, which caused electronic notice thereof to be served on the below-listed counsel of record:

**Edmond D. Johnson**
Pepper Hamilton LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6539
(302) 421-8390 (fax)
johnsone@pepperlaw.com

**Ashley Blake Stitzer**
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
astitzer@bayardfirm.com

/s/ David L. Finger
David L. Finger (DE Bar ID # 2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
Telephone (302) 884-6766