# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

302-429-4224
nglassman@bayardfirm.com

September 11, 2007

**VIA E-FILING AND HAND DELIVERY**
The Honorable Mary Pat Thynge
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Room 6100, Lockbox 8
Wilmington, DE 19801

    RE:  *Chriss W. Street v. End of the Road Trust, et al.*
           Case No. 07-cv-65 (***)

Dear Magistrate Judge Thynge:

      We write in response to the Court's Order of September 7, 2007 regarding the referenced matter. As directed in the Order, we submit Petitioner Chriss W. Street's proposed Rule 16 Scheduling Order. We attempted to come to an agreement with Respondent on the dates for the proposed Order but were unsuccessful.

      The parties' disagreement focuses primarily upon Respondents' desire to permit a two month discovery period. It is our position that based upon the narrow issue presented in an advancement action and Respondents' extensive discovery effort, both formally and informally for over a year in the context of the main bankruptcy case, a period of six weeks is more appropriate. In addition, Respondents do not believe that a trial can occur in this matter until after December 31, 2007. As stated in our letter to the Court dated September 5, 2007 the resolution of this action is important because of the costs being incurred in defense of the underlying adversary proceeding. Thus, Petitioner seeks a trial as soon as practical.

669870-3

THE BAYARD FIRM

The Honorable Mary Pat Thynge
September 11, 2007
Page 2 of 2

      The parties do, however, agree that any proposed Scheduling Order submitted to the Court may be premature. Petitioner seeks a remand of this action to the Delaware Chancery Court which is the Court with jurisdiction to hear it, so the dates are contingent upon the Court's resolution of the Petitioner's Motion for Remand. For this reason, Petitioner will be prepared to address the Motion for Remand during the teleconference.

                             Respectfully submitted,

                             Neil B. Glassman

NBG/
cc:    David L. Finger, Esquire (via email and U.S. Mail First Class)
        Robert T. Kugler, Esquire (via email and U.S. Mail First Class)
#24162-3

669870-3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISS W. STREET, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:07-cv-0065 |
| | ) |
| THE END OF THE ROAD TRUST AND | ) |
| AMERICAN TRAILER INDUSTRIES, INC., | ) |
| | ) |
| Respondents. | ) |

**PROPOSED SCHEDULING ORDER**

This ____ day of _____, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on September 14, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that, subject to the Court's disposition of the Motion to Remand:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of other Parties and Amendment of Pleadings.</u> All motions to join

other parties and to amend or supplement the pleadings shall be filed on or before September 30, 2007.

3. Discovery

a. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 7 hours of taking testimony by deposition upon oral examination.

b. <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.

Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c. <u>Discovery Cut Off</u>. Discovery shall begin immediately. All discovery in this case shall be initiated so that it will be completed on or before October 26, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d. <u>Disclosure of Expert Testimony.</u> There shall be no expert testimony in this matter.

e. <u>Discovery Disputes.</u> Should Counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three

pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. **Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).** Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

    4.    <u>Application to Court for Protective Order.</u>   Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

    Any proposed order should include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>ADR Process.</u> To be discussed during the Rule 16 scheduling conference.

7. <u>Report.</u> On October 26, 2007, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference.</u> On November 9, 2007, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning _____ __.m. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9. <u>Motions.</u> There shall be no case dispositive motions filed.

10. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not dehver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. <u>Pretrial Conference.</u> On November 20, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at _____ __.m.    Unless

669797-1
669797-1

otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before November 15, 2007.

12. Motions *in Limine.* Motions in Limine shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13. Jury Instructions, Voir Dire, and Special Verdict Forms. Inapplicable.

14. Trial. This matter is scheduled for a 1 day bench trial beginning at 9:30 a.m. on November 29, 2007. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 3 hours to present their case.

_____
UNITED STATES MAGISTRATE JUDGE