

FINGER & SLANINA, LLC
ATTORNEYS AT LAW

David L. Finger, Resident, Wilmington Office:
One Commerce Center, 1201 Orange St., Suite 725
Wilmington, Delaware 19801-1155
Ph: (302) 884-6766 | Fax: (302) 984-1294
E-mail: dfinger@delawgroup.com
www.delawgroup.com

September 11, 2007

***Via E-Filing***
The Honorable Mary Pat Thynge
United States District Court
844 N. King Street
Room 6100, Lockbox 8
Wilmington, DE 19801

> Re:    **Chriss W. Street v. The End of the Road Trust, and American Trailer Industries, Inc.; Adv. Proceeding No. 07-00065-***; Proposed Scheduling Order.**

Dear Magistrate Judge Thynge:

I write in accordance with Your Honor's Order of September 7, 2007, which instructed counsel for the parties to confer regarding proposed dates for the scheduling order attached to Your Honor's Order and submit their respective proposals no later than three days before the September 14, 2007 teleconference. The parties have conferred regarding possible dates and enclosed as Exhibit A is Defendants' Proposed Scheduling Order. Also enclosed as Exhibit B is a redline version of Defendants' Proposed Scheduling Order, which readily identifies the differences between the parties' proposals.

The parties are unable to agree on essentially one issue—the length of discovery. Defendants believe that a discovery period of slightly more than two months is the shortest period of time in which Defendants can prepare their case. Serious questions have arisen with respect to backdating regarding the execution of one or both of the purported employment agreements involved in this matter. Those issues require discovery from not only Plaintiff, but various attorneys regarding the preparation and execution of these and related documents. Defendants anticipate that a deposition of not only Mr. Street, but of each attorney involved in the drafting and execution of those agreements and related documents will be necessary. There is simply no way written discovery, such depositions, and resolution of any discovery disputes, can be accomplished in the roughly one-month period proposed by Plaintiff.

The Hon. Mary Pat Thynge
September 11, 2007
2

       Plaintiff's insistence that the discovery period in this matter be overly expedited is inconsistent with his total lack of interest in or cooperation with Defendants' efforts to engage Plaintiff in informal discovery many months ago.  On June 6, 2007, Defendants' proposed to Plaintiff that the parties engage in informal discovery while awaiting the Court's ruling on Plaintiff's motion to remand.  Such a course of action would have ensured that this matter was trial ready as promptly as possible after Plaintiff's motion was resolved.  In that regard, Defendants submitted to Plaintiff an informal set of interrogatories and documents requests in connection with their proposal. Having received no response from Plaintiff in more than two weeks, Defendants again wrote to Plaintiff on June 22, 2007, to inquire as to Defendants' informal discovery proposal.  Ultimately, Defendants' efforts proved to be for naught.  A copy of Defendants' proposal and reminders and Plaintiff's response are attached hereto as Exhibit C.

       Defendants respectfully submit the enclosed proposed scheduling order for the Court's consideration in connection with the September 14, 2007 teleconference.

Respectfully submitted,

David L. Finger
(DE Bar ID #2556)

cc:    Clerk of the Court (via CM/ECF)
       Neil B. Glassman, Esq. (via CM/ECF)
       Robert T. Kugler, Esq. (via CM/ECF)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHRISS W. STREET,                            )
                                             )
                    Petitioner,              )
                                             )
            v.                               )    Civil Action No. 1:07-cv-0065***
                                             )
THE END OF THE ROAD TRUST AND                )
AMERICAN TRAILER INDUSTRIES, INC.,           )
                                             )
                    Respondents.             )

**<u>DEFENDANTS' PROPOSED SCHEDULING ORDER</u>**

This ____ day of _____, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on September 14, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that, subject to the Court's disposition of the Motion to Remand:

1.      <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2.      <u>Joinder of other Parties and Amendment of Pleadings.</u>  All motions to join

other parties and to amend or supplement the pleadings shall be filed on or before September 30, 2007.

    3.    <u>Discovery</u>

    a.    <u>Limitation on Hours for Deposition Discovery</u> . Each side is limited to a total of 16 hours of taking testimony by deposition upon oral examination.

    b.    <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.

Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    c.    <u>Discovery Cut Off</u>. Discovery shall begin immediately. All discovery in this case shall be initiated so that it will be completed on or before November 30, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    d.    <u>Disclosure of Expert Testimony.</u> The Parties have each confirmed that no independent experts will be called to testify.

    e.    <u>Discovery Disputes.</u> Should Counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three

pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  **Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).**  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4.    <u>Application to Court for Protective Order.</u>    Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.    <u>ADR Process.</u> To be discussed during the Rule 16 scheduling conference.

7.    <u>Report.</u> On November 1, 2007, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.    <u>Status Conference.</u> On [December 14, 2007, or as soon thereafter as the Court's schedule permits] the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning _____ __.m.    Plaintiff's counsel shall initiate the telephone call.  At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.  If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9.    <u>Motions.</u>  In order to facilitate efficiency and judicial economy, and to expedite the matter, the parties, through counsel, have agreed to dispense with dispositive motions.  However, Defendants do intend to bring a motion within ten (10) days if and after the entry of an Order denying the pending motion for remand, asking the Court to refer this proceeding to the United States Bankruptcy Court for the District of Delaware pursuant to 28 U.S.C. § 157(a).

10.    <u>Applications by Motion.</u>  Except as otherwise specified herein, any

application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not dehver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.    <u>Pretrial Conference.</u>  On [December 31, 2007, or as soon thereafter as the Court's schedule permits] the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at _____ _.m.    Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before December 21, 2007.

12.    <u>Motions *in Limine*.</u>  Motions in Limine shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u>  Inapplicable.

14.     <u>Trial</u>. This matter is scheduled for a 1 day bench trial beginning at 9:30 a.m. on [the first available date after January 3, 2008].   For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 3.25 hours to present their case.

_____
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISS W. STREET, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:07-cv-0065*** |
| | ) |
| THE END OF THE ROAD TRUST AND | ) |
| AMERICAN TRAILER INDUSTRIES, INC., | ) |
| | ) |
| Respondents. | ) |

**<span style="color:blue">DEFENDANTS'</span> PROPOSED SCHEDULING ORDER**

This _____ day of _____, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on September 14, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that, subject to the Court's disposition of the Motion to Remand:

1.    <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2.    <u>Joinder of other Parties and Amendment of Pleadings.</u>  All motions to join other parties and to amend or supplement the pleadings shall be filed on or before September 30, 2007.

3.    <u>Discovery</u>

a.    <u>Limitation on Hours for Deposition Discovery</u> . Each side is limited to a total of ~~7~~16 hours of taking testimony by deposition upon oral examination.

b.    <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.

Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c.    <u>Discovery Cut Off</u>.  Discovery shall begin immediately.  All discovery in this case shall be initiated so that it will be completed on or before ~~October 26,~~November 30, 2007.   The Court encourages the parties to serve and respond to contention interrogatories early in the case.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d.    <u>Disclosure of Expert Testimony.</u>  ~~There shall be no expert testimony in this matter~~The Parties have each confirmed that no independent experts will be called to testify.

e.    <u>Discovery Disputes.</u> Should Counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173

to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. **Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).** Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4.    <u>Application to Court for Protective Order.</u>    Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

<u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order

shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.    <u>ADR Process.</u> To be discussed during the Rule 16 scheduling conference.

7.    <u>Report.</u> On ~~October 26,~~ November 1, 2007, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.    <u>Status Conference.</u> On ~~November 9,~~ [December 14, 2007, or as soon thereafter as the Court's schedule permits] the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning _____ __.m.    Plaintiff's counsel shall initiate the telephone call.  At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.  If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

~~9.    Motions.  There shall be no case dispositive motions filed.~~

9.    Motions.  In order to facilitate efficiency and judicial economy, and to expedite the matter, the parties, through counsel, have agreed to dispense with dispositive motions.  However, Defendants do intend to bring a motion within ten (10) days if and after the entry of an Order denying the pending motion for remand, asking the Court to

refer this proceeding to the United States Bankruptcy Court for the District of Delaware pursuant to 28 U.S.C. § 157(a).

10. <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not dehver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. <u>Pretrial</u> <u>Conference.</u>  On ~~November 20,~~[December 31, 2007, or as soon thereafter as the Court's schedule permits] the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at _____ _.m.    Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before ~~November 15,~~December 21, 2007.

12. <u>Motions *in Limine*.</u>  Motions in Limine shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court.

No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13.     <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Inapplicable.

14.     <u>Trial</u>. This matter is scheduled for a 1 day bench trial beginning at 9:30 a.m. on ~~November 29, 2007.~~[the first available date after January 3, 2008].   For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of ~~3~~3.25 hours to present their case.

_____
UNITED STATES MAGISTRATE JUDGE

Document comparison by Workshare Professional on Tuesday, September 11, 2007 9:26:49 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://MNDMS.LEONARD.COM/Minnesota/4070381/1 |
| Description | #4070381v1<Minnesota> - STREET-EORT\Proposed Scheduling Order- Advancement Action (9/10 Draft) |
| Document 2 ID | interwovenSite://MNDMS.LEONARD.COM/Minnesota/4070425/1 |
| Description | #4070425v1<Minnesota> - STREET-EORT\Proposed Scheduling Order- Advancement Action (RLD Edits to 9/10 Draft) |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 12 |
| Deletions | 10 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 22 |

LEONARD
STREET
AND
DEINARD

150 SOUTH FIFTH STREET SUITE 2300
MINNEAPOLIS, MINNESOTA 55402
612-335-1500 MAIN
612-335-1657 FAX

ROBERT T. KUGLER
(612) 335-1645 DIRECT
ROBERT.T.KUGLER@LEONARD.COM

*VIA ELECTRONIC MAIL AND REGULAR UNITED STATES MAIL*

June 6, 2007

Edmond D. Johnson, Esq.
Pepper Hamilton LLP
1313 North Market Street
Suite 5100
Wilmington, DE 19899

Ashley B. Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

> Re: *Chriss W. Street v. The End of the Road Trust and American Trailer Industries, Inc.; Case No. 07-00065-***; Limited Depositions.*

Dear Counsel:

I write to propose disclosures and the mutual exchange of limited informal discovery while we await the Court's ruling on Chriss W. Street's ("Street") Motion for Remand (the "Motion").

In urging the Court to promptly resolve the Motion, you stressed Street's desire for the expedited and summary treatment of your client's advancement petition under Delaware law. We are willing to facilitate such treatment if the limited discovery we require can be obtained. We propose that we cooperate to move this matter forward while we await a ruling on jurisdiction. In this regard, it is my hope that we can agree to the mutual exchange of limited informal disclosures and discovery.

Regardless of the court in which this matter is ultimately tried, we will need to engage in discovery. Doing so now will enable us to more expeditiously present this matter to the appropriate Court (whether that be the U.S. District Court as we contend, or the Delaware Chancery Court as you argue) for summary adjudication once a ruling on jurisdictional issues.

Specifically, I propose that on an expedited schedule to be set by mutual agreement, we each provide initial disclosures (as if under the Federal Rules of Civil Procedure) and produce documents and information in response to a limited number of narrowly-drawn discovery requests, which we share before reaching an agreement. The agreement would require that disclosures and responses to discovery be complete and without objection (except as necessary to maintain the privilege as to any privileged communication or work product). As part of the agreement, counsel would stipulate to the voluntary provision of disclosures and discovery

June 6, 2007
Page 2

responses is neither an acknowledgement of nor the submission to the jurisdiction of either the United States District Court for the District of Delaware, and could not be used by either party as a basis for arguing for or against jurisdiction (either subject matter or personal) of any court.

On the other hand, the disclosures and interrogatory responses could be freely used in a hearing on the merits in the same manner as such responses could be used if provided under the rules of the Court in question.

To assist you in determining whether such an arrangement would be acceptable to you and your client, I am enclosing the limited discovery requests we currently contemplate directing to your client should we reach the agreement described above. Since third-party discovery must await resolution of the jurisdictional issue, any agreement we should reach would have no impact on either parties' ability to conduct third-party discovery once the jurisdictional issue is resolved.

Please contact me at your earliest convenience if you are interested in this proposal to proceed immediately and voluntarily to posture this matter for the most expeditious resolution by whichever court eventually addresses the merits.

Very truly yours,

LEONARD, STREET AND DEINARD

Robert T. Kugler

RTK:cs

3858816.1

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All documents that relate or refer to the negotiation, drafting or execution of the Employment Agreement between the End of the Road Trust and Chriss W. Street attached to your Petition for Advancement and Indemnification as Exhibit A, including, but not limited to, any document that evidences the date on which the agreement was executed by you as employee and executed by you as trustee.

### REQUEST NO. 2:

All documents that relate or refer to the negotiation, drafting or execution of the Employment Agreement between FrudeMex, Inc. and Chriss W. Street attached to your Petition for Advancement and Indemnification as Exhibit B, including, but not limited to, any document that evidences the date on which the agreement was executed by you as employee and executed by you as President of FrudeMex, Inc.

### REQUEST NO. 3:

All documents that identify or refer to the offices that Worth W. Frederick held at FrudeMex, Inc., prior to its merger into FdM LLC, and/or the periods of time during which he held such offices.

### REQUEST NO. 4:

All documents that relate or refer to Exhibit C to the Liquidating Trust Agreement (the "Trust Agreement") including, but not limited to, any document that evidences that Exhibit C was attached to the Trust Agreement at the time the Trust Agreement was executed.

### REQUEST NO. 5:

All documents that relate to, refer to, or evidence the consent or approval of the Class A Beneficial Interestholders holding over 50% of the Class A Beneficial Interests to any modification of the Trust Agreement while you served as trustee.

## INTERROGATORIES

**INTERROGATORY NO. 1:** With as much specificity as possible, state the date on which and describe the circumstances under which you (a) executed as employee the Employment Agreement with the End of the Road Trust, which is attached to your Petition for Advancement and Indemnification as Exhibit A, and (b) executed that same Employment Agreement as trustee of the End of the Road Trust. In addition, identify any documents in your possession, custody or control (including but not limited to calendars) that tend to refresh your recollection as to or to confirm or deny such date or such circumstances.

**INTERROGATORY NO. 2:** With as much specificity as possible, state the date on which and describe the circumstances under which you (a) executed as employee the Employment Agreement with FrudeMex, Inc., which is attached to your Petition for Advancement and Indemnification as Exhibit B, and (b) executed that same Employment Agreement as president of FrudeMex, Inc. In addition, identify any documents in your possession, custody or control (including but not limited to calendars) that tend to refresh your recollection as to or to confirm or deny such date or such circumstances.

**INTERROGATORY NO. 3:** Identify with as much precision as possible the date upon which the Liquidating Trust Agreement was signed by the last party to have executed it.

**INTERROGATORY NO. 4:**

    (a)    Was Exhibit C attached to the Liquidating Trust Agreement at the time of your execution.

    (b)    Had Exhibit C to the Liquidating Trust Agreement been finalized and agreed upon by the parties by the date the Liquidating Trust Agreement was executed by all parties.

**INTERROGATORY NO. 5:** If your answers to Interrogatory No. 4 are anything other than an unqualified "no" to both parts (a) and (b), describe with specificity the document that you claim was or that you believe might have been agreed upon as Exhibit C to the Liquidating Trust Agreement when the Liquidating Trust Agreement was executed, and state whether such Exhibit C was ever modified after you executed the Liquidating Trust Agreement. If so, when was it modified, how was it modified, and describe in detail the circumstances which caused it to be modified.

**INTERROGATORY NO. 6:** Identify each person that received a copy of the Liquidating Trust Agreement with all exhibits at or about the time it was executed.

LEONARD
STREET
AND
DEINARD

150 SOUTH FIFTH STREET SUITE 2300
MINNEAPOLIS, MINNESOTA 55402
612-335-1500 MAIN
612-335-1657 FAX

ROBERT T. KUGLER
612-335-1645 DIRECT
ROBERT.KUGLER@LEONARD.COM

**VIA E-MAIL AND U.S. MAIL**

June 22, 2007

Ted Johnson, Esq.
Pepper, Hamilton & Sheetz
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA  19103

Ashley B. Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

   Re: *Chriss W. Street v. The End of the Road Trust and American Trailer Industries, Inc.;*
      *Case No. 07-00065*

Counselors:

On June 6, 2007, I sent you a letter (a copy of which is attached) regarding informal discovery in connection with the above-referenced matter.  I am somewhat surprised that to date I have not received a response from either of you to my proposal.  My client continues to be willing to cooperate in informal discovery that will allow the expedited resolution of the merits of this matter once jurisdiction is decided.

I look forward to hearing from you.

Very truly yours,

LEONARD, STREET AND DEINARD

Robert T. Kugler

RTK:cms
cc: Daniel W. Harrow

3917992.1

## Sellers, Jacob B.

**From:** Kugler, Robert
**Sent:** Friday, June 22, 2007 12:28 PM
**To:** DeMay, Robert; Sellers, Jacob B.
**Subject:** FW:

fyi

**From:** Johnson, Edmond D. [mailto:johnsone@pepperlaw.com]
**Sent:** Friday, June 22, 2007 12:25 PM
**To:** Kugler, Robert
**Subject:** Re:

Bob

I am meeting with my client today and your request is topic number 1,

Ted
Edmond D (Ted) Johnson


--------------------------
Sent using BlackBerry


----- Original Message -----
From: Kugler, Robert <robert.kugler@leonard.com>
To: astitzer@bayardfirm.com <astitzer@bayardfirm.com>; Johnson, Edmond D.
Sent: Fri Jun 22 11:54:01 2007
Subject:

Counselors:

Please see the attached letter.

Regards,

Rob

WWW.LEONARD.COM <http://www.leonard.com/>



Robert T. Kugler
Shareholder
612-335-1645
robert.kugler@leonard.com <mailto:robert.kugler@leonard.com>

Leonard, Street and Deinard
A Professional Association
150 South Fifth Street Suite 2300
Minneapolis, Minnesota 55402

This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. If you are not the intended recipient, you must not keep, use, disclose, copy or distribute this email without the author's prior permission. We have taken precautions to minimize the risk of transmitting software viruses, but we advise you to carry out your own virus checks on any attachment to this message. We cannot accept liability for any loss or damage caused by software viruses. The information contained in this communication may be confidential and may be subject to the attorney-client privilege. If you are the intended recipient and you do not wish to receive similar electronic messages from us in future then please respond to the sender to this effect.