

222 Delaware Avenue • Suite 900
P.O. Box 25130 • Wilmington, DE • 19899
Zip Code For Deliveries 19801

302-429-4212
cdavis@bayardlaw.com

March 31, 2008

**VIA E-FILING AND HAND DELIVERY**
The Honorable Joseph J. Farnan, Jr.
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Lock Box 27
Wilmington, DE 19801

　　　　RE:  *Chriss W. Street v. End of the Road Trust, et al.*
　　　　　　Case No. 07-cv-65 (JJF)

Dear Judge Farnan:

　　　Bayard represents the Plaintiff, Chriss W. Street in the above-referenced action. In consideration of the burden imposed on the District Court judges by the current vacancy on the bench, we respectfully write to bring to Your Honor's attention certain authority that permits the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") to decide the Motion to Remand to Court of Chancery of the State of Delaware and for Abstention Under 28 U.S.C. § 1334(c) (D.I. 5) (the "Motion to Remand") filed by Mr. Street.

　　　By way of brief background, in January 2007, Mr. Street commenced this action in the Chancery Court of the State of Delaware (the "Chancery Court") seeking advancement of fees and expenses to cover, *inter alia*, the litigation costs that he is incurring in an adversary proceeding (the "Bankruptcy Proceeding") commenced against him in his former capacity as trustee of The End of the Road Trust and an officer of American Trailer Industries, Inc. in the Bankruptcy Court. The Defendants in this action are the Plaintiffs in the Bankruptcy Proceeding and Mr. Street has contractual rights to advance payment of these costs under certain agreements with the Defendants.

　　　In February 2007, the Defendants removed the Chancery Court action to the District Court.[1] On February 14, 2007, Mr. Street filed the Motion to Remand

---

[1] The Notice of Removal to Federal Court [D.I. 1] filed by the Defendants states that the removal of the Chancery Court action is pursuant to 28 U.S.C. §§ 1441, 1446 and 1452.



<mark>
<mark>



The Honorable Joseph J. Farnan, Jr.
March 31, 2008
Page 2 of 3

seeking to remand the action to the Chancery Court. The Motion to Remand has been fully briefed since June 10, 2007, including a surreply and response to a surreply that were authorized by The Honorable Mary Pat Thynge. In September 2007, Magistrate Judge Thynge offered to decide the Motion to Remand if the parties consented, but the Plaintiffs were unwilling to do so. Since then, the case has been assigned to Your Honor.

Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides the procedure once a case is removed under 11 U.S.C. § 1452 and states, in relevant part, as follows:

> (d) Remand - A motion for remand of the removed claim or cause of action shall be governed by Rule 9014 and served on the parties to the removed claim or cause of action.
>
> (e) Procedure after removal - (1) After removal of a claim or cause of action to a district court the district court or, <u>if the case under the Code has been referred to a bankruptcy judge of the district, the bankruptcy judge, may issue all necessary orders and process to bring before it all proper parties</u> whether served by process issued by the court from which the claim or cause of action was removed or otherwise.    Fed. R. Bankr. P. 9027(e)(1)(emphasis added)

"Rule 9027(e) provides that in a district (like Delaware) where 'any and all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district,' 28 U.S.C. § 157(a), the bankruptcy judge may then 'issue all necessary orders and process ...' in said removed case." *Int'l Investors, LDC v. Tricord Systems, Inc. (In re Tricord Systems, Inc.)*, 2003 Bankr. LEXIS 384 (Bankr. D. Del. 2003).

The Advisory Committee Notes to the 1991 amendments of Rule 9027 explain that "subdivision (e), redesignated as subdivision (d), [was] amended to delete the restriction that limits the role of the bankruptcy court to the filing of a report and recommendation for disposition of a motion for remand under 28 U.S.C. § 1452(b). This amendment is consistent with § 309(c) of the Judicial Improvements Act of 1990, which amended § 1452(b) so that it allows an appeal to the district court of a bankruptcy court's order determining a motion for

---

However, the Defendants cannot remove the Chancery Court action pursuant to section 1441. The Defendants concede that diversity jurisdiction does not exist under 28 U.S.C. § 1332. *See* Defendants Answering Brief in Opposition to Plaintiff Chriss W. Street's Motion to Remand to Court of Chancery of the State of Delaware or for Abstention Under 28 U.S.C. § 1334(c)[D.I. 8]. Therefore, removal of the Chancery Court action is pursuant to section 1452.



remand. This subdivision is also amended to clarify that the motion is a contested matter governed by Rule 9014."

Thus, pursuant to Rule 9027 of the Bankruptcy Rules, the Bankruptcy Court may decide the Motion to Remand. Mr. Street respectfully presents the foregoing as a possible alternative for adjudication of the Motion to Remand. As further discussed in my letter filed on February 15, 2008, activity in the Bankruptcy Proceeding has increased exponentially since the filing and briefing of the Motion to Remand. Mr. Street has incurred and paid legal fees and expenses in regard to the Bankruptcy Proceeding and other matters for which he is entitled to advancement under the agreements in excess of $750,000. As a result of these considerable costs, Mr. Street has sold his residence to obtain funds necessary to defend the Bankruptcy Proceeding. Accordingly, any further delay in the process to a final decision on the Motion to Remand and Mr. Street's advancement claim may seriously and adversely affect his ability to defend himself.

Counsel is available at the convenience of the Court to discuss this matter further.

Respectfully submitted,

Charlene D. Davis

CDD/ABS
cc: Neil B. Glassman, Esquire
Ashley B. Stitzer, Esquire
Scott G. Wilcox, Esquire
Phillip Greer, Esquire (Via Email)
David L. Finger, Esquire (Via Email and U.S. Mail First Class)
Robert T. Kugler, Esquire (Via Email and U.S. Mail First Class)
Robert L. DeMay, Esquire (Via Email and U.S. Mail First Class)
Sarah E. Doerr, Esquire (Via Email and U.S. Mail First Class)
Jacob B. Sellers, Esquire (Via Email and U.S. Mail First Class)

{00771450;v1}