```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF DELAWARE

CHRISS W. STREET,                       :
                                        :
            Plaintiff,                  :
                                        :
     v.                                 : Civil Action No. 07-65 JJF
                                        :
THE END OF THE ROAD TRUST AND :
AMERICAN TRAILER INDUSTRIES,  :
INC.                                    :
                                        :
            Defendants.                 :
```

Edmond D. Johnson, Esquire & Phillip T. Mellet, Esquire of PEPPER
HAMILTON LLP of Wilmington, DE.
Neil B. Glassman, Esquire; Peter B. Ladig, Esquire; and Ashley B.
Stitzer, Esquire of THE BAYARD FIRM of Wilmington, DE.

Attorneys for Plaintiff.

Robert T. Kugler, Esquire & Jacob B. Sellers, Esquire of LEONARD,
STREET AND DEINARD of Minneapolis, MN.
David L. Finger, Esquire of FINGER & SLANINA, LLC of Wilmington,
DE.

Attorneys for Defendants.


                         **MEMORANDUM OPINION**


April 29, 2008

Farnan, District Judge

Presently before the Court is Plaintiff's Motion To Remand to Court of Chancery of the State of Delaware or For Abstention Under 28 U.S.C. § 1334(c)("Motion to Remand" or "Motion"). (D.I. 5.) For the reasons discussed, the Court will deny Plaintiff's Motion.

#### BACKGROUND

On January 9, 2007, Plaintiff Chriss W. Street ("Street") filed an action seeking indemnification and advancement of fees and costs from Defendants in the Chancery Court of the State of Delaware ("the State action"). On February 2, 2007, Defendants, a bankruptcy liquidating trust known as the The End of the Road Trust (the "Trust") and its subsidiary American Trailer Industries, Inc. ("ATII")(collectively, "Defendants"), filed a Notice of Removal (D.I. 1) and removed the State action to this Court. On February 9, 2007, Street filed the Motion to Remand.

Street served as Trustee of the Trust, and Chief Executive Officer and Chairman of the Board of ATII from October 1998 to August 2005. The Trust and ATII were formed in connection with the bankruptcy case of Fruehauf Trailor Corporation ("Fruehauf"), et al. (collectively, the "Debtors").

I.   Fruehauf Bankruptcy Proceeding

The Debtors' bankruptcy case was filed on October 7, 1996 in the United States Bankruptcy Court for the District of Delaware.

1

On October 20, 1998, the Bankruptcy Court confirmed the Debtor's
Amended Joint Plan of Reorganization ("the Plan").  (D.I. 8, Exh.
1.)  Pursuant to the Plan, the Trust was created to liquidate the
remaining assets of the Debtors, and Trust subsidiaries were
created to hold those assets.  (Id.)  Street was specifically
named in the Plan as Trustee, and remained Trustee of the
Liquidating Trust until his removal in 2005.  (D.I. 6 at 6.)
Upon confirmation of the Plan, the Debtor, its creditors, and
Street implemented a Liquidating Trust Agreement, which was
approved by Bankruptcy Court on October 27, 1998.  (D.I. 8, Exh.
6.)

## II.   Employment Agreements

On October 27, 1998, Street and the Trust entered into an
employment agreement ("Trust Employment Agreement") by which
Street agreed to serve as Trustee pursuant to the terms and
conditions of the Trust Agreement and the Trust Employment
Agreement.  (D.I. 6, Exh. I.)  The Trust Employment Agreement was
drafted and executed by Street in his capacity as Trustee and in
his capacity as an individual employee.  (Id., at 8.)

The Trust Employment Agreement provides, inter alia, a right
of indemnification for any liability incurred in connection with
Street's administration of the Trust.[1]  (D.I. 6, Exh. I at ¶5.)

---

[1]"In addition to any right of indemnification which may be
available to Street pursuant to the Trust Agreement, the Trust
hereby agrees to indemnify Street for all liabilities . . .

2

The Trust Employment Agreement further provides:

> Expenses (including attorney's fees) incurred by Street in
> defending any civil, criminal, administrative or
> investigative action, suit or proceeding shall be paid by
> the Trust in advance of the final disposition of such
> action, suit or proceeding upon receipt of an undertaking by
> Street to repay such amount if it shall ultimately be
> determined, by a court of competent jurisdiction, that
> Street is not entitled to be indemnified by the Trust as
> provided in this Section 5.

(D.I. 6, Exh. I at ¶5.)

On October 27, 1998, Street also entered into an employment

agreement with FrudeMex, Inc. ("FrudeMex Employment Agreement;"

together with the Trust Employment Agreement, "Employment

Agreements"). FrudeMex, Inc., later renamed ATII, is a wholly-

owned subsidiary of the Trust, and acts as a holding company for

the Trust's principal asset, shares of Fruehauf de Mexico. (D.I.

8, Exh. 8.) The FrudeMex Employment Agreement was drafted by

Street, and executed by Street in his capacity as Trustee of the

Trust and in his capacity as President of FrudeMex, Inc. (Id.)

The FrudeMex Employment Agreement includes indemnification and

advancement provisions that are substantially identical to those

found in section five of the Trust Employment Agreement. (D.I.

6, Exh. J at ¶5.)

---

incurred by Street in connection with any suit, proceeding or
investigation arising out of or relating to the performance by
Street of services for, or acting as trustee or in any other
capacity on behalf of the Trust, so long as Street acted in good
faith and in a manner reasonably believed to be in or not opposed
to the best interests of the Trust. . . ." (D.I. 6, Exh. I at
¶5.)

The Employment Agreements contain an identical forum

selection clause: "[a]ny dispute or controversy arising under or

in connection with the Agreement shall be settled by the

Bankruptcy Court."  (D.I. 6, Exh. I at ¶6(i), Exh. J at ¶9(i).)

## STANDARD OF REVIEW

The exercise of removal jurisdiction is governed by 28

U.S.C. § 1441(a).² The statute is strictly construed, requiring

remand to state court if any doubt exists over whether removal

was proper. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,

104 (1941). A court will remand a removed case "if at anytime

before final judgment it appears that the district court lacks

subject matter jurisdiction." 28 U.S.C. § 1447(c). The party

seeking removal bears the burden to establish federal

jurisdiction. Steel Valley Auth. v. Union Switch & Signal Div.,

809 F.2d 1006, 1010 (3d Cir. 1987) (citations omitted) ; Zoren v.

Genesis Energy, L.P., 195 F. Supp. 2d 598, 602 (D. Del. 2002).

In determining whether remand based on improper removal is

appropriate, the court "must focus on the plaintiff's complaint

at the time the petition for removal was filed," and assume all

---

²Section 1441(a) provides: "[e]xcept as otherwise expressly
provided by Act of Congress, any civil action brought in a State
court of which the district courts of the United States have
original jurisdiction, may be removed by the defendant or the
defendants, to the district court of the United States for the
district and division embracing the place where such action is
pending."

factual allegations therein as true. Steel Valley, 809 F.2d at
1010 (citations omitted).

## DISCUSSION

At issue is whether the Court has subject matter
jurisdiction over the claims asserted by Street in the State
action. Federal subject matter jurisdiction over bankruptcy
cases and proceedings exists pursuant to 28 U.S.C. §§ 1334 and
157. In re Resorts Int'l, 372 F.3d 154, 161 (3d Cir. 2004).
Section 1334(b) provides that the district courts "shall have
original but not exclusive jurisdiction of all civil proceedings
arising under title 11, or arising in or related to case under
title 11." Bankruptcy court jurisdiction thus potentially
extends to four categories of title 11 matters, pending referral
from the district court: (1) cases under title 11, (2) proceeding
arising under title 11, (3) proceedings arising in a case under
title 11, and (4) proceedings related to a case under title 11.
Resorts Int'l, 372 F.3d at 162 (citations omitted).

Forum selection clauses, like retention of jurisdiction
provisions in a reorganization plan, can be given effect only
where subject matter jurisdiction already exists. Id., at 161.
"Where a court lacks subject matter jurisdiction over a dispute,
the parties cannot create it by agreement." Id. (citations
omitted).

## I.   Core Proceedings

By its brief, The Trust contends that the claims Street asserts in the State action are 'core proceedings' under the Bankruptcy Code.  Section 157(b)(1) of the Bankruptcy Code provides that bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11 and or arising in a case under title 11.  28 U.S.C. §157(b). Section 157 enumerates a non-exhaustive list of core proceedings, which includes "matters concerning the administration of the estate,"  "allowance or disallowance of claims against the estate," and "counterclaims by the estate against persons filing claims against the estate."  28 U.S.C. §157(b)(2).  "A core proceeding under section 157 is one that 'invokes a substantive right provided by title 11' or one that 'by its nature, could arise only in the context of a bankruptcy case.'"  Resorts Int'l, 372 F.3d at 162-63 (quoting In re Guild & Gallery Plus, 72 F.3d 1171, 1178 (3d Cir. 1996)).

The Trust contends that the claims asserted in the State action constitute 'core proceedings' because they concern the "administration of the estate" and are, by their nature, claims that could arise only in the context of a bankruptcy proceeding. The Trust contends that indemnification and advancement claims sought by Street in the State action result from Street's "failure to administer the Trust in accordance with the

6

Bankruptcy Court's Orders," and thus concern the ability of the
of bankruptcy court to police the fiduciaries charged with
carrying out its orders.  (D.I. 8 at 22.)   The ability of the
Bankruptcy Court to police court fiduciaries, the Trust contends,
is a fundamental function of the Bankruptcy Court's
"administration of the estate."   The Trust further contends that
the claims asserted are 'core' because they are proceedings
involving the conduct of court fiduciaries, which by their nature
can arise only in the context of a bankruptcy proceeding.

    In response, Street contends that the Trust's contentions
are based on the false premise that the claims asserted in the
State action require an inquiry into Street's underlying conduct.
Street contends, rather, that the claims asserted are purely
contract-based, and thus 'non-core.'  This is because, Street
contends, his right to advancement of fees and expenses is the
only issue before the court in the State action, and because the
Employment Agreements do not condition advancement on a prior
determination of good faith conduct.  The Trust's contention that
Street's conduct is implicated in the State action, Street
contends, thus fails in light of Street's actual claims and well-
settled Delaware case law, which provides for summary
determinations of advancement claims without inquiry into alleged
conduct in the underlying litigation.

    After reviewing the claims asserted in the State action and

7

the Employment Agreements, the Court concludes that the claims asserted do not constitute a 'core proceeding' under section 157. While an inquiry into Street's conduct as Trustee might have touched upon the administration of the estate, Street's asserted claim for advancement requires no such inquiry.  The State action involves a contract-based advancement claim arising out of Employment Agreement provisions that condition the advancement right only on a promise to repay such fees and costs should indemnification ultimately be denied.[3]  Moreover, Delaware law permits the Chancery Court to treat advancement claims as summary proceedings, 8 Del. C. § 145(k), and Delaware courts have repeatedly held that the right to advancement is not ordinarily dependent on an indemnification determination, see, e.g., Kaung v. Cole Nat'l Corp., 884 A.2d 500, 509 (Del. 2005)(stating "the scope of an advancement proceeding under Section 145(k) of the DGCL is limited to determining the issue of entitlement according to the corporation's advancement provisions and not to issues regarding the movant's alleged conduct in the underlying litigation.") (citations and internal quotation marks omitted). As a purely contract-based advancement claim, Street's asserted claim neither invokes a substantive right provided by title 11

---

[3]The State action also includes an indemnification claim regarding the costs associated with bringing the advancement action, commonly known as a "fees on fees" claim, but the Trust does not contend that this claim is relevant to the jurisdictional analysis.

8

nor arises only, by its nature, in the context of a bankruptcy proceeding.  See Guild & Gallery Plus, 72 F.3d at 1178. Accordingly, the Court concludes that Street's asserted claims do not constitute a 'core proceeding' under the Bankruptcy Code.

## II.  'Related To' Jurisdiction

The Trust contends that the Court has 'related to' jurisdiction under section 1334(b).  Non-core 'related to' jurisdiction is the "broadest of the potential paths to bankruptcy jurisdiction," Resorts Int'l, 372 F.3d at 163, and is normally determined by analyzing "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy," Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995).[4]  "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action."  Id.

In the post-confirmation context, retention of bankruptcy jurisdiction can be problematic because, as a literal matter, a debtor's *estate* has ceased to exist post-confirmation, and under a traditional Pacor analysis, 'related to' jurisdiction extends only to matters that could possibly affect the *estate*.  Resorts Int'l, 372 F.3d at 164-65 (citations omitted).  Courts, though,

_____

[4]The Third Circuit has stated that Pacor sets forth the "seminal test for determining the boundaries of 'related to' jurisdiction."  Resorts Int'l, 372 F.3d at 164.

9

have not applied <u>Pacor</u> so literally as to completely bar post-confirmation bankruptcy jurisdiction. <u>Id.</u> Rather, the "essential inquiry" in the post-confirmation context is whether there is a "close nexus" between the underlying claims and the bankruptcy proceeding. <u>Id.</u>, at 166-67. When a matter "affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan," it will have the requisite close nexus and render post-confirmation jurisdiction appropriate. <u>Id.</u>, at 168-69.

Whether a liquidating trust has been created is pertinent to this analysis, because "trusts by their nature maintain a connection to the bankruptcy even after the plan has been confirmed." <u>Id.</u>, at 167; <u>see also</u> <u>In re Boston Reg'l Med. Ctr., Inc.</u>, 410 F.3d 100, 107 (1st Cir. 2005)("By contrast [to a reorganization plan], a liquidating debtor exists for the singular purpose of executing an order of the bankruptcy court. Any litigation involving such a debtor thus relates much more directly to a proceeding under title 11."). As a secondary matter, where the requisite close nexus exists, the exercise of bankruptcy court jurisdiction will "not raise the specter of 'unending jurisdiction.'" <u>Resorts Int'l</u>, 372 F.3d at 167. This is especially true in the case of a liquidating trust, which by definition cannot reenter the marketplace (unlike a reorganized debtor), and exists only until the debtor's remaining assets have

been liquidated. See Boston Reg'l, 410 F.3d at 106.

By its sur-reply brief, the Trust contends that 'related to' jurisdiction exists because (1) section 5.2 of the Trust Agreement gives the Successor Trustee discretion to deny Street's claims for advancement, and (2) determining the validity of the employment agreements Street relies on will require the interpretation and application of the Trust Agreement. The Trust further contends that the Employment Agreements Street relies upon are invalid modifications of the Trust Agreement because Street failed to obtain the written consent of the Trust Advisory Committee and the Class A Beneficial Interestholders, as is required by sections 5.4.1 and 5.4.3 of the Trust Agreement.

In response, Street contends that the Employment Agreements are employment contracts that are fully binding on the Trust and the Successor Trustee. Addressing both of the Trust's arguments, Street contends that both section 8.5.2 of the Trust Agreement and 8 Del. C. § 145(e), which the Trust Agreement should be read in conjunction with, provide corporations with permissive authority to grant mandatory advancement to the trustee or employees. In light of this permissive authority to grant mandatory advancement, Street contends, his Employment Agreements are valid and enforceable and the Successor Trustee has no discretion to deny advancement. In sum, Street contends, no nexus exists between his State action claims and the bankruptcy

11

proceedings because his advancement claim would involve only the
interpretation of the Employment Agreements, without any inquiry
into or interpretation of the Plan.

The Court concludes that the requisite "close nexus" exists
to the bankruptcy proceedings because (1) the State action will
necessarily entail an inquiry into the validity of the Employment
Agreements and the discretion of the Trust to deny advancement,
and (2) the outcome of the State action will affect the
consummation of the Plan.  Both the validity of the Employment
Agreements and the discretion of the Successor Trustee to deny
advancement costs implicate interpretation of the Trust
Agreement, specifically sections 5.2 and 8.5.2.  Street
essentially admits that the Plan is implicated by the State
action in addressing the validity of the Employment Agreements
and the Successor Trustee's discretionary powers under section
8.5.2 of the Trust Agreement, before peremptorily contending that
the State action in no way involves an interpretation of the
Plan.  Further, the outcome of the State action affects the
consummation of the Plan insofar it potentially reduces and
delays the liquidation of the Debtor's remaining assets.
Despite the post-confirmation context, the State action therefore
implicates both the interpretation of the Liquidating Trust
Agreement and the consummation of the Plan.  Because the
advancement claim "affects the interpretation" and "consummation"

of a confirmed plan, the Court concludes that post-confirmation 'related-to' jurisdiction under section 1334(b) is appropriate. See Resorts Int'l, 372 F.3d at 168-69; Donaldson v. Bernstein, 104 F.3d 547, 553 (3d Cir. 1997).

III. Mandatory & Equitable Abstention

By his Motion, Street contends that if the Court holds that it has 'related to' jurisdiction under § 1334, subsection (c)(2) of § 1334 directs that the Court must abstain from exercising that jurisdiction. Following a timely motion, abstention is mandatory where: "(1) the proceeding is based on a state law claim or cause of action; (2) the claim or cause of action is 'related to' a case under title 11, but does not 'arise under' title 11 and does not 'arise in' a case under title 11, (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; (4) an action 'is commenced' in a state forum of appropriate jurisdiction; and (5) the action can be 'timely adjudicated' in a state forum of appropriate jurisdiction." Stoe v. Flaherty, 436 F.3d 209, 213 (3d Cir. 2006). However, "[m]andatory abstention applies only '[u]pon timely motion of a party' and does not implicate the Court's subject matter jurisdiction." Id., at 219, n.4 (quoting 28 U.S.C. § 1334 (c)(2))(citing In re V&M Mgmt., Inc., 321 F.3d 6, 8 (1st Cir. 2003)("[T]he abstention provision, which is waivable by the parties, does not detract from the district court's subject

13

matter jurisdiction.")).

The Trust contends that mandatory abstention is inapplicable because Street has waived his ability to seek mandatory abstention through the forum selection clauses in the Employment Agreements. In response, Street contends that the Court does not have jurisdiction over the claims asserted in the State action and that the forum selection clauses cannot confer jurisdiction.

The Court concludes the forum selection clauses in the Employment Agreements entered into by Street constitute a waiver of any right to mandatory abstention under section 1334 (c)(2). Assuming jurisdiction otherwise lies, forum selection clauses are as enforceable in bankruptcy courts as they are in other federal courts. See In re Diaz Contracting Inc., 817 F.2d 1047 (3d Cir. 1987), overruled on other grounds by Lauro Lines v. Chasser, 490 U.S. 495 (1989); In re LaRoche Industries, Inc., 312 B.R. 249 (Bankr. D. Del. 2004). Street has not contested the validity of the forum selection clauses. Following the determination that 'related to' jurisdiction exists here, which abstention does not affect, the Court concludes that the valid forum selection clauses entered into by Street constitute a waiver of any right to mandatory abstention under section 1334(c)(2). See Stoe, 436 F.3d at 219, n.4; V&M Mgmt., 321 F.3d at 8. As the argument is now moot, the Court will not otherwise address the merits of Street's mandatory abstention contention.

14

Finally, Street contends that the State action should be remanded on equitable grounds under section 1452(b), primarily relying on the proposition that mandatory abstention creates an "equitable ground" justifying remand. Section 1452 (b) provides, in pertinent part: "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. 1452(b). The Court concludes that equitable abstention is unwarranted. As discussed above, any right to mandatory abstention has been waived, so it cannot form an equitable ground for absention. Further, the cursory additions to Street's equitable absention contention are unpersuasive. The Bankruptcy Court has resolved prior proceedings related to this matter and is thus familiar with the parties and facts involved. Street's State action was not bifurcated, meaning no other claims are pending in that forum. Permitting litigation of this matter in the state forum would thus be unlikely to result in added efficiency. Accordingly, the Court concludes that equitable abstention under section 1452(b) is unwarranted.

### CONCLUSION

For the reasons discussed, the Court concludes that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 over the claims asserted by Street in the State action because they are proceedings 'related to' a case under title 11. Further, the

Court concludes that mandatory abstention under section 1334(c)(2) and equitable abstention under section 1452(b) are inapplicable.  Accordingly, the Court will deny Plaintiff's Motion to Remand.

Further, as referral is appropriate under 28 U.S.C. § 157(a), the Court will refer this matter to the Bankruptcy Court for assignment to the Honorable Peter J. Walsh.

An appropriate order will be entered.