## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISS W. STREET,<br><br>    Plaintiff,<br><br> v.<br><br>THE END OF THE ROAD TRUST AND<br>AMERICAN TRAILER INDUSTRIES, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 07-65 JJF |

**PETITIONER CHRISS W. STREET'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION PURSUANT TO FED. R. CIV. P. 59(E)
AND LOCAL RULE 7.1.5 FOR CLARIFICATION AND/OR
<u>RECONSIDERATION OF MEMORANDUM OPINION AND ORDER</u>**

Dated: May 9, 2008

BAYARD, P.A.
Neil B. Glassman (No. 2087)
Charlene D. Davis (No. 2336)
Ashley B. Stitzer (No. 3891)
Scott G. Wilcox (No. 3882)
222 Delaware Avenue, Suite 900
Wilmington, DE 19899-5130
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

- and -

Phillip Greer, Esquire
Law Offices of Phillip Greer, Esquire
1300 Bristol Street North, Suite 100
Newport Beach, California 92660
Telephone: (949) 640-8911
Facsimile: (949) 759-7687

*Counsel for Chriss W. Street*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

I.      NATURE AND STAGE OF THE PROCEEDINGS ............................................1

II.     SUMMARY OF THE ARGUMENT ....................................................................2

III.    STATEMENT OF FACTS .................................................................................2

IV.     ARGUMENT ....................................................................................................5

        A.      Legal Standard for Reconsideration or Clarification ....................................5

        B.      The Memorandum Opinion Results in a Manifest Injustice
                to Mr. Street .........................................................................................6

CONCLUSION ................................................................................................8

## TABLE OF AUTHORITIES

Page

Cases

*American Life Ins. Co. v. Parra,*
    2003 WL 22999543 (D. Del.) ............................................................................ 6

*Brambles USA, Inc. v. Blocker,*
    735 F. Supp. 1239 (D. Del. 1990) ................................................................... 7

*Ciena Corp. v. Corvis Corp.,*
    352 F. Supp. 2d 526 (D. Del. 2005) ............................................................... 5

*Glendon Energy Co. v. Borough of Glendon,*
    836 F. Supp. 1109 (E. D. Pa. 1993) .............................................................. 6

*In re Intel Corp. Microprocessor Antitrust Litig.,*
    436 F. Supp. 2d 687 (D. Del. 2006) ............................................................... 5

*Max's Seafood Cafe v. Quinteros,*
    176 F.3d 669 (3d Cir. 1999) .......................................................................... 6

*Shipley v. Orndoff,*
    2007 WL 3024051 (D. Del.) ............................................................................ 6

Rules

D. Del. R. 7.1.5 ................................................................................................ 5

Fed. R. Civ. P. 59(e) ....................................................................................... 5

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On January 9, 2007, Plaintiff/Petitioner Chriss W. Street ("Mr. Street") commenced an action (the "Chancery Court Action") in the Chancery Court of the State of Delaware in and for New Castle County (the "Chancery Court") titled <u>Chriss W. Street v. The End of the Road Trust and American Trailer Industries, Inc.</u>, Civil Action No. 2662-N, which asserts claims for advancement and indemnification pursuant to certain employment agreements.

On February 2, 2007, Defendants The End of the Road Trust (the "Trust") and American Trailer Industries, Inc. ("ATII", and collectively with the Trust, the "Defendants") filed the Notice of Removal to Federal Court [D.I. 1] (the "Removal Notice") thereby removing the Chancery Court Action to the United States District Court for the District of Delaware (the "Court").

On February 9, 2007, Mr. Street filed the Motion to Remand to Court of Chancery of the State of Delaware and for Abstention Under 28 U.S.C. § 1334(c) and supporting memorandum of law [D.I. 5, 6] (collectively, the "Motion to Remand").

On February 28, 2007, Defendants filed their answering brief in opposition to the Motion to Remand [D.I. 8] (the "Opposing Brief").

On March 7, 2007, Mr. Street filed the reply brief in response to the Opposing Brief [D.I. 10].

On or about April 4, 2007, the parties completed briefing on the Motion to Remand, including a sur-reply and response to a sur-reply that were authorized by the Honorable Mary Pat Thynge.

1

On April 29, 2008, the Court entered the Order and Memorandum Opinion [D.I. 35, 36] in which the Court denied the Motion to Remand and referred the matter to the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

On May 9, 2008, Mr. Street filed the Motion Pursuant to Fed. R. Civ. P. 59(e) and Local Rule 7.1.5 for Clarification and/or Reconsideration of Memorandum Opinion and Order (the "Motion"). This Memorandum is filed in support of and contemporaneously with the Motion.

## II.    SUMMARY OF THE ARGUMENT

The Court should reconsider the Memorandum Opinion because it could be interpreted to suggest mistakenly that the Court made a finding of fact that is binding on the parties that Mr. Street was removed as trustee of the Trust and that Mr. Street drafted the Employment Agreements.[1]  Thus, the Memorandum Opinion contains arguably a decision outside the issues presented by the parties and errors of fact, which are contested in the underlying litigation, that result in a manifest injustice to Mr. Street.

## III.    STATEMENT OF FACTS

On February 9, 2007, Mr. Street filed the Motion to Remand and supporting memorandum of law.  [D.I. 5, 6].  The Motion to Remand seeks remand of the Chancery Court Action to the Chancery Court for lack of subject matter jurisdiction or alternatively, for abstention.

On February 28, 2007, Defendants filed the Opposing Brief addressing the issues presented and arguments made in the Motion to Remand.  [D.I. 8]  The Opposing Brief

---

[1] Terms not defined herein shall have the meaning ascribed to them in the Memorandum Opinion.

{00878031;v1}

states inaccurately that Mr. Street was removed as Trustee and that he drafted solely the Employment Agreements.  These statement are merely allegations without any evidence presented to support them.  In fact, Plaintiffs attached as an exhibit to the Opposing Brief the consent order entered into by the Trustee, Mr. Street and the Trust Advisory Committee for the Liquidating Trust ratifying the resignation of Mr. Street, which was approved by the Bankruptcy Court in August of 2005.  *See* D.I. 8, Exhibit 9.

On March 7, 2007, Mr. Street filed the reply brief in response to the Opposing Brief [D.I. 10].  The parties completed briefing on the Motion to Remand on or about April 4, 2007, including a sur-reply and response to a sur-reply that were authorized by the Honorable Mary Pat Thynge.

Mr. Street did not take issue with Plaintiffs inaccurate statements in the Opposing Brief that Mr. Street was removed as Trustee and that he drafted solely the Employment Agreements because neither allegation was at issue or relevant to the Motion to Remand.

On April 29, 2008, the Court entered the Order and Memorandum Opinion [D.I. 35, 36] in which the Court denied the Motion to Remand and referred the matter to the United States Bankruptcy Court for the District of Delaware.

The Memorandum Opinion contains three statements that may be interpreted to suggest mistakenly that the Court made actual findings of fact.  These recitations relate facts that are not at issue in or relevant to the Motion to Remand.  Moreover, these facts are not qualified as allegations and are contested in the underlying proceeding.

First, in Section I of the Background section of the Memorandum Opinion, the Court states that "Street was specifically named in the Plan as Trustee, and remained Trustee of the Liquidating Trust until *his removal* in 2005."  *See* Memorandum Opinion,

3

p. 2 (emphasis added). However, contrary to statements made by Defendants in the Opposing Brief, Mr. Street was not removed as trustee. The Trustee, Mr. Street and the Trust Advisory Committee for the Liquidating Trust entered into a consent order ratifying the resignation of Mr. Street, which was approved by the Bankruptcy Court in August of 2005. *See* D.I. 8, Exhibit 9.

Second, in Section II of the Background section of the Memorandum Opinion, the Court states that "[t]he Trust Employment Agreement was *drafted* and executed by Street in his capacity as Trustee and in his capacity as an individual employee." *See* Memorandum Opinion, p. 2 (emphasis added). In support of this statement, the Court cites to the Trust Employment Agreement attached as Exhibit I to the memorandum filed in support of the Motion to Remand. *Id.* However, the Trust Employment Agreement does not reflect who drafted it. In addition, documents produced in discovery in the underlying proceeding pending in the Bankruptcy Court demonstrate that the Trust Employment Agreement was drafted by counsel for the Liquidating Trust and sent to Mr. Street for execution.

Third, the Court states that "[t]he Frudemex Employment Agreement was *drafted* by Street, and executed by Street in his capacity as Trustee and in his capacity as President of Frudemex, Inc." *See* Memorandum Opinion, p. 3 (emphasis added). In support of this statement, the Court cites to the Frudemex Employment Agreement attached as Exhibit 8 to the Opposing Brief. *Id.* Similar to the Trust Employment Agreement, the Frudemex Employment Agreement does not reflect who drafted it and documents produced in discovery in the underlying proceeding show that the Frudemex

4

Employment Agreement was drafted by counsel for the Liquidating Trust and sent to Mr. Street for execution.

Based on the foregoing, Mr. Street is concerned that the Court's Memorandum Opinion could be interpreted to suggest mistakenly that the Court made an actual finding of fact that Mr. Street was removed as trustee of the Liquidating Trust and that Mr. Street drafted the Employment Agreements. Accordingly, Mr. Street seeks reconsideration of the Court's Memorandum Opinion on the grounds that the Court made a decision outside the issues presented by the parties, and the Memorandum Opinion contains errors of fact that results in a manifest injustice to Mr. Street.

IV.    **ARGUMENT**

A.    **Legal Standard for Reconsideration or Clarification**

Delaware Local Rule 7.1.5 permits a party to move for reconsideration of a Court's order or judgment. *In re Intel Corp. Microprocessor Antitrust Litig.*, 436 F. Supp. 2d 687, 688 (D. Del. 2006). Such a motion is considered the "functional equivalent" of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *Id.* at 688-89 (citing *Ciena Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526, 527 (D. Del. 2005)).

The purpose of a Rule 59(e) motion is "to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citing *Max's Seafood Cafe v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)). As such, the motion may be granted only if the Court is presented with: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id. See also Shipley v. Orndoff*, 2007 WL 3024051, 1 (D. Del.); *American Life Ins. Co. v. Parra,* 2003 WL 22999543, 1 (D. Del.).

5

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *Shipley v. Orndoff, supra* (citing *Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E. D. Pa. 1993)). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Id.* (citing *Brambles USA, Inc. v. Blocker,* 735 F. Supp. 1239, 1240 (D. Del. 1990)). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.* (citing *Brambles USA,* 735 F. Supp. at 1241).

**B.    <u>The Memorandum Opinion Results in a Manifest Injustice to Mr. Street</u>**

The Memorandum Opinion results in a manifest injustice to Mr. Street because it could be interpreted improperly as the Court's factual finding that Mr. Street was removed as trustee of the Liquidating Trust or that Mr. Street drafted the Employment Agreements, thus resulting in a decision on the Motion to Remand outside the issues presented by the parties and containing errors of fact.

The Motion to Remand sought remand of the Chancery Court Action to the Chancery Court for lack of subject matter jurisdiction or alternatively, for abstention. The Opposing Brief addressed the arguments made in the Motion to Remand on these issues. Other than mere allegations, the parties did not present any evidence to the Court that Mr. Street was removed as trustee of the Liquidating Trust or that Mr. Street drafted the Employment Agreements. To the contrary, the Opposing Brief attaches as an exhibit a copy of the consent order approving Mr. Street's resignation. *See* D.I. 8, Exhibit 9. In

addition, the Memorandum Opinion cites to the Employment Agreements in support of the Court's statements that Mr. Street drafted them. *See* Memorandum Opinion, pp. 2-3. However, the Employment Agreements do not reflect who drafted them at all. Therefore, any interpretation that the Memorandum Opinion contains factual findings that Mr. Street was removed as trustee of the Liquidating Trust or that Mr. Street drafted the Employment Agreements is outside the issues and evidence presented by the parties regarding to the Motion to Remand.

The Memorandum Opinion also contains errors of fact that are contested in the underlying adversary proceeding. As discussed, Mr. Street resigned as trustee of the Trust with Court approval; he was not removed. *See* D.I. 8, Exhibit 9. In addition, Mr. Street did not draft the Employment Agreements. Rather, documents produced in discovery in the underlying adversary proceeding demonstrate that the Employment Agreements were drafted by counsel for the Liquidating Trust and sent to Mr. Street for execution. Moreover, the Employment Agreements do not reflect at all who drafted them.

These portions of the Memorandum Opinion result in a manifest injustice to Mr. Street because Defendants may attempt to misconstrue the Court's language in support of their claims in the underlying adversary proceeding, when such factual findings should be made at trial after a full and fair opportunity for the Bankruptcy Court to evaluate the evidence. To find otherwise denies Mr. Street due process and places him at the distinct disadvantage in his preparation for trial in the adversary proceeding.

Based on the foregoing, Mr. Street respectfully requests that the Court reconsider the Memorandum Opinion and clarify that it made no factual finding that Mr. Street was

{00878031;v1}

removed as trustee of the Liquidating Trust or that Mr. Street drafted the Employment Agreements.

## CONCLUSION

For all of the foregoing reasons, Mr. Street respectfully requests that this Court (i) grant the Motion, (ii) reconsider the Memorandum Opinion and clarify that it made no factual determination that Mr. Street was removed as trustee of the Trust and that Mr. Street drafted the Employment Agreements, and (ii) grant any other relief the Court finds just and appropriate under the circumstances.

Dated: May 9, 2008

BAYARD, P.A.

Neil B. Glassman (Del. Bar No. 2087)
Charlene D. Davis (Del. Bar No. 2336)
Ashley B. Stitzer (Del. Bar No. 3891)
Scott G. Wilcox (Del. Bar No. 3882)
222 Delaware Avenue
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000

- and -

Phillip Greer, Esquire
Law Offices of Phillip Greer, Esquire
1300 Bristol Street North, Suite 100
Newport Beach, California 92660
(949) 640-8911

Attorneys for Chriss W. Street

{00878031;v1}

**CERTIFICATE OF SERVICE**

I, Ashley B. Stitzer, hereby certify that on this 9th day of May, 2008, I caused a copy of the foregoing **Petitioner Chriss W. Street's Memorandum in Support of Motion Pursuant to Fed. R. Civ. P. 59(e) and Local Rule 7.1.5 for Clarification and/or Reconsideration of Memorandum Opinion and Order** to be served upon the following in the manner indicated:

Via Electronic and U.S. First Class Mail
David L. Finger, Esquire
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155

Via Electronic and U.S. First Class Mail
Robert T. Kugler, Esquire
Jacob B. Sellers, Esquire
LEONARD, STREET AND DEINARD,
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402

_____
Ashley B. Stitzer (No. 3891)